HILL, APPELLEE, *v.*
BOARD OF REVIEW, OHIO BUREAU OF
EMPLOYMENT SERVICES, ET AL.,
APPELLANTS.

RODEMAN, APPELLEE, *v.*
BOARD OF REVIEW, OHIO BUREAU OF
EMPLOYMENT SERVICES, ET AL.,
APPELLANTS.

(Nos. 53549 and 53550—Decided
October 6, 1987.)

*Shapiro, Turoff, Gisser & Belkin* and *Alan Belkin,* for appellees Steven C. Hill and Donald J. Rodeman.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey B. Duber,* for appellants.

*Per Curiam.* These matters have been consolidated for hearing as both cases involve identical facts and issues. The facts are simplicity itself.

The appellees are roofers, members of Local 44, Cleveland Roofers and Waterproofers Union. Barrier Roofing, a Canton-based concern, was the successful bidder on a roofing job in Cuyahoga County. Barrier Roofing, which ordinarily hires roofers from the Akron-Canton Roofers Union, Local 88, hired a composite crew of roofers from both Local 88 and Local 44 to complete the Cuyahoga County job.

Barrier Roofing was a signatory to a contract with Local 88. When Local 88 went on strike against Barrier Roofing, Barrier Roofing advised the members of Local 44, working on the Cuyahoga County project, that due to the strike by Local 88, the Cuyahoga County job was being shut down and that Local 44 members were not to come to work. In the letter sent by Barrier Roofing to the Ohio Bureau of Employment Services, it can clearly be seen that the appellees (among others, all members of Local 44) were laid off.

When appellees applied for unemployment benefits because of the job shutdown, the appellants denied their claims. The Cuyahoga County Court of Common Pleas reversed, ordering compensation to be paid to appellees. This appeal ensued as the appellants contend that the inability of the appellees to work is due to a labor dispute.

We affirm.

That there was a labor dispute involving Local 88 is not an issue. That Local 44 members were "laid off" when Barrier Roofing shut down the Cuyahoga County job is equally not in issue. The letter addressed to the appellants by the employer, Barrier Roofing, should be given the credence to which it is entitled. Clearly, Barrier Roofing "locked out" all employees at the Cuyahoga County job. A "strike" occurs when the employees cease to work as a coercive measure to force employers to make concessions or to grant benefits to the employees. Here the employer simply shut down the job, thus "locking out" all employees including those employees who were not engaged in any work cessation.

Both parties cite *Abrendts* v. *Ohio Valley Hospital Assn.* (1985), 17 Ohio St. 3d 11, 17 OBR 9, 476 N.E. 2d 1027.

The appellants' reliance on that case is misplaced. While it is true that here there was in fact a strike (by Local 88), there was no intimation of a strike by Local 44.

The ruling of the lower court is properly based on Justice Holmes' concurring opinion in *Abrendts*. Certainly motivation is a factor. That Barrier Roofing withheld work from Local 44 employees (here the appellees) is well within the definition of a "lockout."

There being a lockout, the unemployment of the appellees entitles them to unemployment compensation benefits.

*Judgment affirmed.*

MARKUS, P.J., WALKER and BRAME, JJ., concur.

ROBERT D. WALKER, J., of the Court of Common Pleas of Hancock County, and MICHAEL A. BRAME, J., of the Court of Common Pleas of Vinton County, sitting by assignment.